ON MOTION
LOURIE, Circuit Judge.

ORDER

Seiko Epson Corporation and Epson Research and Development, Inc. et al. (Epson) move to dismiss Coretronic Corporation’s appeal of the July 15, 2008 decision of the United States District Court for the Northern District of California in Seiko Epson Corp. v. Corecentric Corp., No. 06-CV-6946, as premature. Coretronic opposes.
In the district court, the parties filed claims and counterclaims alleging infringement, noninfringement, invalidity, and un-enforceability of various patents. On July 15, 2008, the district court entered an order granting final judgment of nonin-fringem'ent with respect to one of those patents. In the July 15 order, the district court also dismissed without prejudice the invalidity and unenforceability counterclaims relating to the same patent.
Epson argues that infringement and invalidity issues concerning four other patents remain pending in the district court. Epson asserts that the district court did not enter final judgment pursuant to Fed. R.Civ.P. 54(b) and thus the July 15 order is not appealable. Epson argues that the July 15 order could qualify as a final judgment pursuant to Rule 54(b) only if the district court had expressly determined that there was no just reason for delay. Because the district court did not do so, Epson argues that the appeal is premature and should be dismissed. Epson further requests an award of its attorney fees and costs pursuant to Fed. RApp. P. 38 be *898 cause it asserts that Coretronic refused to voluntarily dismiss its premature appeal when Epson pointed out the jurisdictional defect.
Coretronic concedes that the July 15 order does not expressly state that there is no just reason for delay. However, Core-tronic argues that “the Order contemplates an immediate appeal by Corecentrie ... [and] the district court’s various determinations as expressed in the Order reflect that the district court in fact expressly determined that there is no just reason for delay of the present appeal, thus satisfying the requirements of Rule 54(b).” Alternatively, Coretronic requests that the court defer ruling on Epson’s motion to dismiss pending the district court’s ruling on Core-tronic’s motion for judgment pursuant to Rule 54(b).
Rule 54(b) states:
When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to fewer than all claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties’ rights and liabilities.
(emphasis added)
Pursuant to our recent decision in iLOR, LLC v. Google, Inc., 550 F.3d 1067 (Fed.Cir.2008), to enter judgment pursuant to Rule 54(b) “it must be apparent, either from the district court’s order or from the record itself, that there is a sound reason to justify departure from the general rule that all issues decided by the district court should be resolved in a single appeal of a final judgment.” In this case, the district court did not expressly enter judgment pursuant to Rule 54(b), did not determine that there is no just reason for delay, and did not provide any justification for allowing an appeal prior to the resolution of all claims. Indeed, there is no indication that either party requested that the district court enter judgment pursuant to Rule 54(b) until after the July 15 order. Under these circumstances, the court determines that the district court’s July 15 order did not enter judgment pursuant to Rule 54(b) and thus the appeal is premature.
With respect to Epson’s request for attorney fees and costs, the court determines that Epson is entitled to costs pursuant to Fed. R.App. P. 39(a)(1); however, the request for attorney fees is denied.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to dismiss is granted.
(2) Epson’s request for costs is granted.
(3) Epson’s request for attorney fees is denied.